IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40103
Conference Calendar

_____

JIHAAD A.M.E. SAAHIR,
f/k/a Jehad Abdullah Shabazz,
a/k/a James Loggins,

                                        Plaintiff-Appellant,

versus

W.J. ESTELLE, JR., ET AL,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:83-CV-225
- - - - - - - - - -
December 10, 1998

Before DAVIS, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

     Jihaad A.M.E. Saahir, formerly known as Jehad Abdullah

Shabazz, a/k/a James Loggins, Texas prisoner # 291515, appeals

the district court's denial of his motion for contempt to enforce

the settlement agreement in his 42 U.S.C. § 1983 action.  Saahir

argues that the district court erred in dismissing his motion for

civil contempt and damages because the settlement agreement

specifically states that the defendants would recognize him by

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his legal name ONLY and because Felix v. Rolan, 833 F.2d 517 (5th Cir. 1987) was not decided at the time the settlement was agreed upon and so is not controlling in this case. He argues that his claims are related to the settlement agreement because he lost his property and was denied indigent supplies because he used his religious name in compliance with the agreement, and the defendants refused to recognize his legally religious name only, contrary to the agreement.

We have reviewed the record and the district court's opinion and find that the district court did not abuse its discretion in dismissing Saahir's motion for contempt. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Further, we hold that Saahir's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

We cautioned Saahir in his last appeal from the denial of a contempt motion in this case that any additional frivolous appeals would invite the imposition of sanctions. See Saahir v. Estelle, No. 95-40633 (5th Cir. Dec. 19, 1995). Accordingly, Saahir is BARRED from filing any pro se, in forma pauperis, civil appeal in this court without the prior written approval of an active judge of this court. Further he is BARRED from filing any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court. The clerk of this court and the clerks of all federal district courts

subject to the jurisdiction of this court are directed to return to Saahir, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTIONS IMPOSED.